UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SOKUN CHAY,                          )
                                     )
    Plaintiff,                       )
                                     )
        v.                           )  NO.  3:11-1177
                                     )  Judge Campbell/Bryant
LEASE FINANCE GROUP, LLC, et al      )
                                     )
    Defendants.                      )

TO: The Honorable Todd J. Campbell

### REPORT AND RECOMMENDATION

Defendants have filed their third motion for sanctions and second motion for civil contempt (Docket Entry No. 72), by which they seek, among other types of relief, a dismissal of the complaint for plaintiff's refusal to appear for her duly noticed deposition on multiple occasions, and her disobedience to an order of the Court. Plaintiff has filed no response in opposition to this motion.

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion be granted and the complaint dismissed pursuant to Rule 37(d) of the Federal Rules of Civil Procedure for plaintiff's failure to appear and complete her deposition.

### Statement of the Case

Plaintiff Sokun Chay, who is proceeding pro se and in forma pauperis, filed her complaint on December 13, 2011, alleging that defendants had violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 277, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff alleges that defendants wrongfully called her cellular telephone on multiple occasions using an automatic telephone dialing system,

allegedly in violation of federal law. Defendants filed answers denying fault (Docket Entry Nos. 12, 13, 14 and 15).

On September 5, 2012, defendants filed their motion for sanctions or, in the alternative, motion to compel and for sanctions (Docket Entry No. 44). In substance, this motion seeks the imposition of sanctions, including dismissal of the complaint, for plaintiff Chay's failure to appear for her discovery deposition on two separate occasions after having been duly noticed by defense counsel. This motion and its supporting documentation shows that defense counsel on July 18, 2012, served plaintiff with a notice to take her deposition on July 26, 2012, at 9:00 a.m. This deposition notice was accompanied by a letter addressed to plaintiff stating defense counsel's willingness to consider other dates for the deposition if other dates would work better for plaintiff's schedule (Docket Entry No. 44-1). The record indicates that plaintiff Chay did not appear for this deposition (Docket Entry No. 44-2) nor did she provide prior notice of her intention not to appear.

On the following day, July 27, 2012, defense counsel received in the mail a notice from the plaintiff – dated July 26, the date noticed for her deposition – stating that "Plaintiff will not be able to attend because Plaintiff was not given enough time to prepare and/or properly respond," and "Plaintiff needs 30 day notice to prepare and/or properly respond." (Docket Entry No. 44-3).

After the Court on July 30 extended the discovery deadline to and including September 17, 2012 (Docket Entry No. 37), defense counsel on August 21 served plaintiff Chay with a second notice to take her deposition, this time on September 5, 2012. This notice was accompanied by a letter from defense counsel

stating that if another day during the week beginning September 3 worked better for plaintiff, she could let defense counsel know immediately so that the deposition could be rescheduled to the date preferred by plaintiff (Docket Entry No. 44-5).

On August 24, 2012, plaintiff filed with the Court and mailed to defense counsel her "Response to Second Notice of Deposition of Plaintiff Sokun Chay" (Docket Entry No. 39). In this response, plaintiff stated that she would not be able to attend her deposition, noticed for September 5, 2012, "because Plaintiff was not given enough time to prepare and/or properly respond as noticed." Plaintiff stated that she would only appear for her deposition if given at least 30 days notice.

After plaintiff Chay had refused multiple requests to provide defense counsel with available times for the scheduling of a conference call with the undersigned Magistrate Judge regarding these discovery disagreements, the undersigned by order of August 29, 2012, set a conference call with the parties for September 4, 2012, at 10:30 a.m. The parties were provided with a call-in number to call at the scheduled time for this telephone conference (Docket Entry No. 41). On August 31, 2012, plaintiff filed her "Objection to Order Document #41" (Docket Entry No. 43). In this filing, plaintiff stated, among other things, that the foregoing telephone conference had been set up without her consent at a time when she was working. Therefore, plaintiff stated she would not be able to participate in this telephone call. As promised, plaintiff did not take part in the telephone conference scheduled by the Court.

On September 5, 2012, defendants filed their motion for sanctions or, in the alternative, motion to compel and for sanctions (Docket Entry No. 44). Defendants in this motion sought

3

dismissal of the complaint as a sanction for plaintiff's refusal to participate in discovery, including her failure to appear for two duly noticed depositions or, in the alternative, an order of the Court requiring plaintiff to appear for a validly noticed deposition.

On November 6, 2012, the undersigned granted defendants' motion in part, extended the deadline for completing discovery to and including December 17, 2012, and ordered plaintiff Chay to appear at her deposition at a time and place to be noticed by counsel for defendants (Docket Entry No. 56). This order further admonished plaintiff Chay that her failure to appear for her deposition may cause the undersigned Magistrate Judge to recommend dismissal of her case for failure to comply with the Federal Rules of Civil Procedure governing the conduct of discovery.

On November 20, 2012, plaintiff Chay filed a "partial objection" to the Court's November 6 order, stating in part that "[t]he dates provided do not give Plaintiff enough time to properly respond." On November 28, 2012, plaintiff filed her "amendment to partial objection to memorandum and order document #56" (Docket Entry No. 66), in which she stated in pertinent part that her employer had approved her request to take off work in order to attend a deposition on December 7, December 14, or December 21, 2012. Plaintiff requested that defense counsel let her know as soon as possible which of these dates would work so that plaintiff could confirm a date with her employer (Docket Entry No. 66 at 2).

Also on November 28, 2012, defendants filed their second motion for sanctions and first motion for contempt (Docket Entry

4

No. 64), after plaintiff Chay had failed for the third time to appear for her deposition, which had been duly noticed by defense counsel for November 27, 2012 (Docket Entry No. 64-1). Defendants further sought an order holding plaintiff in contempt for failing to appear for her deposition after having been ordered by the Court on November 6, 2012, to do so.

On November 29, 2012, the undersigned entered an order directing that defendants depose plaintiff Chay on either December 7 or December 14, 2012, both dates on which plaintiff Chay had stated she could be available. The Court expressly reserved any further ruling on defendants' second motion for sanctions (Docket Entry No. 67).

As evidenced by defendants' present motion (Docket Entry No. 72), and its supporting documentation, plaintiff Chay did appear for her discovery deposition on December 7, 2012. However, after approximately 50 minutes of testimony and a few breaks, plaintiff Chay reentered the deposition room accompanied by an individual who refused to identify himself other than as "Minister Ed." Plaintiff announced that she was leaving, that she refused to take part in the remainder of her deposition, and that she refused to participate in a conference call with the undersigned Magistrate Judge to discuss her refusal to complete her deposition testimony (Docket Entry No. 72-1).

## Analysis

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to enter orders compelling discovery and imposing sanctions upon a finding that parties have failed to

5

cooperate in discovery. Specifically, Rule 37(a) authorizes a court to enter an order compelling a party to make disclosure or participate in discovery. Rule 37(b) authorizes the court to impose sanctions for a party's failure to obey a discovery order, including but not limited to dismissing the action or proceeding in whole or in part. Moreover, Rule 37(d) authorizes the imposition of sanctions if a party fails to appear for her duly noticed deposition, including, among other sanctions, dismissing the action or proceeding in whole or in part.

As stated in more detail above, the undersigned Magistrate Judge finds from this record that plaintiff Chay failed to appear for her duly noticed deposition on at least three occasions, as follows. She failed to appear after being duly noticed for her deposition on July 26, 2012 (Docket Entry No. 44-1), and once again on September 5, 2012 (Docket Entry No. 44-5). After the Court on November 6, 2012, extended the discovery deadline to and including December 17 and ordered plaintiff Chay to appear at her deposition at a time and place noticed by counsel for defendants (Docket Entry No. 56), plaintiff Chay for a third time failed to appear for her deposition, this time duly noticed to occur on November 27, 2012. Finally, after the undersigned Magistrate Judge ordered plaintiff Chay to appear for her deposition on December 7 or December 14, 2012 (Docket Entry No. 67), both days on which plaintiff Chay had stated she could appear, plaintiff Chay showed up, testified for approximately 50 minutes, and then announced that she was unilaterally terminating the deposition and refusing to complete her testimony, and then walked

out of the deposition. She further refused to participate in an immediate telephone conference call with the undersigned.

The undersigned finds that the Court has figuratively bent over backwards in order to accommodate plaintiff's pro se status without success. The undersigned finds from the foregoing that sanctions are appropriate and that the complaint should be dismissed for plaintiff's failure to appear and complete her discovery deposition after having been duly noticed on four occasions, pursuant to Rule 37(b)(2)(A)(v), Federal Rules of Civil Procedure.

The undersigned further finds in view of plaintiff's in forma pauperis status that defendants' request for monetary sanctions should be denied.

### RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS that defendants' third motion for sanctions (Docket Entry No. 72) be GRANTED, that the complaint be DISMISSED for plaintiff's failure to appear and complete her duly noticed deposition, that defendants' request for additional monetary sanctions be DENIED, and that all pending motions be DENIED as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any

7

objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'q</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 22nd day of January 2013.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
